**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MELVIN LEE SINGLETARY**                                                      **PETITIONER**

**VERSUS**                                                      **CAUSE NO. 1:12cv297-HSO-RHW**

**RICKY ADAM and EVAN HUBBARD**                                    **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Petitioner Melvin Lee Singletary's Petition

[9] for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  At the time he

initiated this action, he was a pretrial detainee at the Hancock County Public

Safety Complex.  He is now released on bond pending a trial on State criminal

charges.  He challenges those proceedings in this action.  The Court has considered

and liberally construed the pleadings.  For the reasons set forth below, this case

should be dismissed.

## I.   BACKGROUND

Singletary alleges that up until 2011, he was wrongfully arrested five times,

and indicted at least twice, for the exact same conduct in Hancock County.  He does

not specify what the criminal charges are but provides five separate case numbers:

B2301-11-0139, H06-17342, CS-07-01255, CS07-01285, and B-2301-07-0187.  This

habeas action challenges only criminal action number B2301-11-0139, for which he

awaits trial.  Specifically, he alleges that he has had no initial appearance,

preliminary hearing, or speedy trial.  He also appears to challenge the arrest

warrant, and what he claims is manufactured evidence.  Finally, he states

"Arrested on – 10/07/2010, passes styled [sic] and nunber [sic] Case No. B2301-07-

0187 for lack of evidence.  Released 6/15/2011.  Indictment again on 7-1-2011 No

Arreste are [sic] warrant.  Indictment No. B 2301-11-0139."  (Dkt. 9 at 8).  It is not

clear if he is stating that the former case was dismissed for lack of evidence and yet

he was indicted again.  On August 26, 2012, he filed a motion for a preliminary

hearing, which remains pending, before the Hancock County Circuit Court.  As for

the relief he seeks from this Court, he states, "I have only asked to be heard and

that these gruesome assassination[s] on my constitution[al] and civil rights,

deserves justification, I Amendment: I petition the government (Court) for a

redress."  *Id.* at 9.

## II.  DISCUSSION

Singletary can bring a federal habeas claim only if he has exhausted the

claim in State court.  *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987).

This gives "the State the 'opportunity to pass upon and correct' alleged violations of

its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting

*Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  According to the Fifth Circuit:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to
> consider pre-trial habeas corpus petitions, federal courts should abstain
> from the exercise of that jurisdiction if the issues raised . . . may be
> resolved either by trial on the merits in the state court or by other state
> procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225.  In order to exhaust Singletary's claims, he is required

to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999); *see D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981). He admits some of his claims were never presented to any State court and that the remainder were only presented to the trial court. Singletary has not yet sought relief on any claim from the highest State court, the Mississippi Supreme Court. Therefore, it is clear that he has not yet exhausted his claims. His Petition should be dismissed.

### III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 13th day of February, 2013.

<u>s/*Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE